UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80754-CIV-MIDDLEBROOKSJOHNSON

JOSEPH HAWKINS,

    Plaintiff,

v.

THE HAMLET, LTD.,

    Defendant.
_____/

### ORDER

THIS CAUSE comes before the Court upon the following motions filed by Plaintiff: five Motions for Estoppel (DE 47, 48, 49, 50, and 51), Motion to Amend/Correct (DE 53), Motion to Appoint Counsel (DE 54), Motion to Stay re Motion to Amend/Correct (DE 55), three Motions to Quash (DE 67, 69, and 70), Motion to Continue (DE 76), Motion re Clerk's Entry of Default (DE 77), and Motion for Summary Judgment (DE 78); the following motions filed by Defendant: Motion to Dismiss (DE 45), Motion for Extension of Time to Complete Discovery (DE 59), Motion for Extension of Time to Complete Discovery (DE 65), and Motion for Extension of Time to Complete Discovery Seeking Extension of Time to Conduct Mediation (DE 73); and a Motion to Intervene (DE 62) filed by Underwriters at Lloyd's London.  I have reviewed the Motions and the record in this case.

Plaintiff, proceeding *pro se*, filed a Complaint and Motion for Judgment (DE 1).  His is seeking a judgment for $99,003.00 and states "multiple RIGHTS OF ACTION."  These include various torts and violations of multiple rights and statutes.  Plaintiff lists thirty-one rights of action.  The Complaint includes a factual summary which states in its heading that it is for the causes of action, and then goes on to list twenty seven causes of action.  It is difficult to ascertain precisely what claims Plaintiff is making and which factual allegations form the basis for which claims given the state of his Complaint.

The following facts are taken from Plaintiff's allegations.  Plaintiff was a tenant in an

apartment building for which Defendant was the landlord.  Plaintiff has a disability, depression, which Defendant did not accommodate.  Defendant did not accommodate Plaintiff's disability by its reaction to Plaintiff's complaint about a menacing night watchman who made verbal threats about starting a fight.  Defendant also discriminated against Plaintiff when it did not renew Plaintiff's lease and did not give Plaintiff an extra month to move out when Plaintiff was forced out of his apartment.  Plaintiff alleges Defendant violated the Federal Fair Housing Act because of its non-renewal of Plaintiff's lease.  The Complaint also includes violations of various state laws and the ADA, a claim of slander, a cause of action for tort, breach of contract, violation of Federal Racketeering, and breach of fiduciary duty.

Defendant argues in its Motion to Dismiss that Plaintiff's Complaint should be dismissed for a variety of reasons, including lack of subject matter jurisdiction where the federal claims Plaintiff attempts to plead are not pleaded properly and are barred by the statute of limitations.  Defendant also argues the Complaint should be dismissed because (1) Plaintiff failed to effect service in the time period allowed by Federal Rule of Civil Procedure 4(m), (2) as alleged Defendant is a state government program and therefore qualifies for qualified immunity, (3) many of the causes of action do not state a claim, and (4) the Complaint does not comply with Federal Rules of Civil Procedure 8 and 10.  Plaintiff responds that all objections contained in the Motion to Dismiss are satisfied somewhere in the complaint.  Plaintiff specifically states that "[o]ne factual sequence of events gave rise to numerous causes of action."  Opposition, DE 56, ¶15.  I must begin by discussing the standard of review applicable to a motion to dismiss.

A motion to dismiss is appropriate when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true.  *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v.  Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).  It is from this point that we begin our analysis of Defendant's Motion.

I begin with Defendant's argument that Plaintiff's Complaint does not comply with the

Federal Rules of Civil Procedure. As I explained in the Order Granting Motion to Proceed In Forma Pauperis, and Judge Johnson explained in her Order of Instructions to a Pro Se Litigant, Plaintiff must adhere to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida[1]. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Federal Rule of Civil Procedure Rule 8(a) requires Plaintiff make a "short and plain statement of the claim showing that [he] is entitled to relief." These averments must be simple, concise, and direct. FED. R. CIV. P. 8(e). Federal Rule of Civil Procedure 10(b) details the need for paragraphs and what is to be included in each paragraph.[2] While Plaintiff's Complaint includes paragraphs and some are numbered while others are denoted by letters, his averments are not simple, concise, and direct. A plaintiff in his pleading must state a cause of action, which includes more than merely stating a grievance; it must demonstrate that there is a legal basis for the recovery he seeks. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff's Opposition to the Motion indicates one factual sequence gave rise to all of the causes of action, but the one factual sequence is not clearly laid out, nor is it clear how the facts comprise each of Plaintiff's claims. Plaintiff's Complaint includes at least the two factual events described above, one having to do with an employee of Defendant and another involving the circumstances surrounding Plaintiff leaving Defendant's apartment building. It is not clear that these events are related, nor is it clear how each or either of these factual sequences gave rise to thirty-one rights of action. While I am required to construe Plaintiff's Complaint more liberally than those presented by an attorney, vague and conclusory allegations are insufficient. *See id.* at 557. Plaintiff's Complaint is nothing more than a listing of numerous rights of action and a statement of his grievance with Defendant. A court cannot rewrite pleadings or serve as counsel for a litigant. *See GRJ Invs. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1984). Having

---

[1] These include S.D. Fla. L.R. 7.1.A.3 which requires the parties to confer before the filing of certain motions. None of Plaintiff's Motions are in compliance with this Local Rule. In the future, after having given Plaintiff this warning, I will be inclined to deny motions for failure to comply with this Rule.

[2] These rules do not address other pleading requirements for specific causes of action, including a higher pleading standard applicable to cases involving qualified immunity, *see e.g., GRJ Invs. v. County of Escambia*, 132 F.3d 1359, 1367 (11th Cir. 1984), and those cases involving claims discussed in Federal Rule of Civil Procedure 9.

said this, I do not find that the extreme remedy of dismissal with prejudice is appropriate. Instead, Plaintiff will be given another opportunity to file a new pleading which complies with the applicable rules.

To the extent Defendant's Motion to Dismiss seeks dismissal based on the failure to be timely served, it is moot. However, in response, Plaintiff has moved to have the service amended such that the return of service is backdated to the date the U.S. Marshal first attempted service. Plaintiff is proceeding *pro se* and *in forma pauperis*. Accordingly, Plaintiff relied upon the U.S. Marshal's service to effect service. Plaintiff's Motion to Amend Proof of Service asks that I amend the proof of service to indicate that on November 21, 2006 service of process was successfully completed. Plaintiff explains that service was first attempted by the U.S. Marshals via certified mail which Defendant refused. The U.S. Marshal's service then effected personal service. Service was properly effected on Defendant on January 31, 2007. I will not grant Plaintiff's Motion to Amend Service to back date the proper service where Plaintiff cites no legal authority for me to do so. In addition, the issue is moot where Plaintiff's pleading is dismissed on other grounds.

Next, turning to Plaintiff's five motions for estoppel which request that I estop (sic) the Defendant from doing various activities, including defending itself in this action. Instead, the Plaintiff asks both in his motions for estoppel, as well as his summary judgment motion that I enter judgment in his favor without allowing Defendant the opportunity to defend itself. Plaintiff has filed multiple motions for estoppel in this case all of which make arguments similar to these. These motions filed by Plaintiff do not further the review of the merits of his case. The motions provide no basis to prohibit Defendant from defending this action. Accordingly, I deny all of Plaintiff's motions for estoppel.

Plaintiff also filed a Motion for a Court Appointed Attorney. As I mentioned in the order granting Plaintiff's *in forma pauperis status*, I have no authority to appoint Plaintiff counsel in this case. Therefore, this motion is denied.

There are also a number of discovery issues pending before the Court. Plaintiff requests that I quash subpoenas issued by Defendant. Plaintiff argues they should be quashed based on the passage of certain deadlines, which is now a moot point given the extension of time granted herein. In addition, Plaintiff argues that Defendant is on a 'fishing expedition.' Plaintiff makes

this argument in a conclusory fashion.  Defendant has sought to depose Plaintiff's current landlord and Plaintiff.  The issuance of these two subpoenas does not demonstrate a fishing expedition.

Plaintiff seeks to have me compel the Defendant to produce one document Plaintiff states he requested.  Plaintiff also seeks to compel Defendant to Answer Interrogatories.  Plaintiff states Defendant has not produced the items sought within the applicable time period.  Then in a Motion for Protective Order, Plaintiff seeks to have me order the Defendant to cease and desist, and stop all discovery.  Again, Plaintiff's basis is that the time for discovery has passed based on the current pretrial scheduling deadline.  Plaintiff also once again reiterates that Defendant is on a fishing expedition.  Plaintiff cannot have it both ways.  Plaintiff cannot request that I compel Defendant to respond but require Defendant to stop participating in discovery.  Plaintiff does not include any details regarding the document or answers requested and Defendant's objections therein.  Defendant recently filed a Notice of Compliance with Plaintiff's discovery requests. Accordingly, I deny Plaintiff's Motion to Compel and Motion for Protective Order.

Turning to the scheduling of this case, I address various motions filed by the parties regarding the current deadlines in this case.  Defendant seeks extensions of certain deadlines, while Plaintiff seeks to have certain sanctions taken against Defendant for failing to comply with the current timetable.  Due to the difficulty serving Defendant and the length of time that had elapsed before Defendant was served many of the deadlines had passed or were quickly approaching at that time service was effected.  Accordingly, the parties have conducted limited if any discovery.  As discussed later, I agree to continue the trial date in this case and certain deadlines as well.  However, I note that any amended pleadings will have to be served on Defendant.  Defendant should not halt its defense of this litigation pending such service to the extent it can continue participating in the litigation based on the facts known to it now.  I encourage the parties to work towards and amicable resolution of this matter.

Plaintiff requests a variety of relief regarding the scheduling in this matter.  Plaintiff moved for default based on Defendant's failure to comply with the deadlines detailed in the pretrial scheduling order.  This is also the basis for Plaintiff's Motion for Summary Judgment. Defendant was not served with the Complaint until January 31, 2007, which left approximately one month before the discovery deadline expired and was approximately two months after the

amended pleadings deadline. I will not grant a default on this basis given the time line and procedural posture of this case. Plaintiff also requests in his Motion to Change Trial Time that trial start everyday at 2pm and that Plaintiff be permitted a 45 minute grace period at the beginning of each trial day. Plaintiff states no specific reason this is necessary, but states in a conclusory fashion that the granting of the motion would accommodate his disability. Trial days start at 9:00am and there is no grace period given for litigants. I find no need to change this procedure to accommodate Plaintiff. This Motion is denied.

Defendant seeks to have the pretrial deadlines in this case extended citing the passage of many deadlines prior to Plaintiff effecting service on Defendant. In addition, Defendant states it has not been on notice of Plaintiff's allegations due to the imprecise nature of Plaintiff's Complaint. Defendant also seeks an extension of time in which to complete mediation stating that the parties are currently coordinating mediation. Defendant does not state how long the parties need in which to conduct their mediation. As discussed above, I am continuing the trial in this matter and certain deadlines. While this also continues the parties' mediation deadline, I encourage the parties to attempt to communicate the issues underlying this suit and participate in any alternative dispute resolution when as soon as practical.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the trial in this matter is CONTINUED and hereby RESET for the two-week period beginning August 6, 2007. Calendar call will be held on Wednesday, August 1, 2007, at 1:15 p.m. before the Honorable Donald M. Middlebrooks, United States District Judge, at the United States District Court at 701 Clematis Street, Courtroom 7, West Palm Beach, Florida. It is further

ORDERED AND ADJUDGED that the parties shall have up until May 4, 2007 to complete discovery in this matter. All pretrial motions and memoranda of law must be filed by May 25, 2007, and the pretrial stipulation must be filed by July 9, 2007. Jury instructions are due on July 27, 2007. The parties shall follow all the requirements of paragraph eight of Magistrate Judge Johnson's scheduling report addressing mediation, including, but not limited to the completion of mediation no later than sixty (60) days before the scheduled trial date. It is further

ORDERED AND ADJUDGED that

(1)  Defendant's Motion to Dismiss (DE 45) is GRANTED.

(2) Plaintiff's five Motions for Estoppel (DE 47, 48, 49, 50, and 51) are DENIED;

(3) Plaintiff's Motion to Amend Proof of Service (DE 53) is DENIED;

(4) Plaintiff's Motion to Appoint Counsel (DE 54) is DENIED;

(5) Plaintiff's Motion to Stay re Motion to Amend/Correct (DE 55) is DENIED;

(6) Plaintiff's Motions to Quash Subpeonas (DE 67 and 70) are DENIED;

(7) Plaintiff's Motion to Change Trial Time (DE 76) is DENIED;

(8) Plaintiff's Motion for Default (DE 77) is DENIED;

(9) Plaintiff's Motion for Summary Judgment (DE 78) is DENIED;

(10) Plaintiff's Motion to Compel the Defendant to Produce 1 Document (DE 79) is DENIED;

(11) Plaintiff's Motion for Protective Order (DE 81) is DENIED;

(12) Defendant's Motions for Extension of Time to Complete Discovery (Motion for Extension of Pretrial Deadlines) (DE 59 and 65) are GRANTED in accordance with this Order;

(13) Underwriters at Lloyd's of London's Motion to Intervene (DE 62) is DENIED as moot;

(14) Defendant's Motion for Extension of Time to Complete Discovery Seeking Extension of Time to Conduct Mediation (DE 73) is GRANTED in accordance with this Order;

(15) Should Plaintiff seek to file an Amended Complaint, the Amended Complaint shall be filed on or before April 20, 2007;

(16) Upon the filing of any Amended Complaint, the Clerk of Court shall prepare summonses and complaint; and

(17) The U.S. Marshal shall personally serve any amended pleading, along with a copy of this order on Defendant and promptly file a return of service.

DONE and ORDERED in Chambers in West Palm Beach, Florida, this 10th day of April, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of record
U.S. Marshal
Joseph Hawkins, *pro se*