UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 06-80754-CIV-MIDDLEBROOKSJOHNSON

JOSEPH HAWKINS,

      Plaintiff,

v.

THE HAMLET, LTD.,

      Defendant.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's First Motion to Dismiss Amended Complaint (DE 110). Plaintiff has filed a Memorandum of Law in Opposition to the First Motion to Dismiss (DE 125). I have reviewed the Motions and the record in this case.

This case involves Plaintiff's attempt to bring a claim against a previous landlord. Plaintiff, proceeding *pro se*, filed a Complaint and Motion for Judgment (DE 1). His original Complaint which sought $99,003.00 and listed thirty-one rights of action was dismissed. Plaintiff has now filed an Amended Complaint which Defendant seeks to Dismiss.

The Amended Complaint lists seven unlawful reasons why the termination of Plaintiff's tenancy was unlawful, two of these are violations of federal laws, the American with Disabilities Act (ADA) and the Fair Housing Act (FHA). The Amended Complaint also lists secondary causes of action. These include, Plaintiff was assaulted by an employee of Defendant, an employee of Defendant slandered Plaintiff, Defendant violated various state statutes, Defendant breached a contract with Plaintiff, and Defendant violated Housing and Urban Development rules.

I noted in my order dismissing Plaintiff's Complaint that it was difficult to ascertain precisely what claims Plaintiff was making and which factual allegations formed the basis for

which claims given the state of his Complaint. While Plaintiff's Amended Complaint has narrowed down the causes of action it appears he is trying to bring, the question of what facts form the basis of which claims is still not clearly answered. Plaintiff has not adequately pleaded his causes of action.

This is particularly true because Plaintiff's Amended Complaint does not include a factual allegations section, nor does it clearly state which facts apply to which causes of action. Plaintiff filed a separate document over a month after he filed his Amended Complaint entitled Factual Summary for Amended Complaint (DE 104). This factual summary seeks to be incorporated by reference into Plaintiff's Amended Complaint. The following facts are taken from this factual summary. Plaintiff was a tenant in an apartment building for which Defendant was the landlord. The landlord promised to lease a unit to Plaintiff for ten years, but only did so for four years. Defendant was aware that Plaintiff was officially disabled by depression according to the Social Security Administration. Defendant retaliated against Plaintiff for complaining about an employee of Defendant. Plaintiff alleges his complaints "were a manifestation of the disability of severe depression" and that such complaints "amounted to a request to reasonably accommodate the disability needs of the Plaintiff." DE 104, ¶11. Plaintiff alleges Defendant also failed to reasonably accommodate his disability by refusing to grant the one-month lease extension he requested to move out. DE 104 ¶18.

Defendant argues in its Motion to Dismiss that Plaintiff's Amended Complaint should be dismissed for a variety of reasons, including his ADA claim is barred by the statute of limitations and Plaintiff has not properly pleaded his causes of action. I begin by discussing the standard of review applicable to a motion to dismiss.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). For the purpose of the motion to dismiss, the complaint is construed in the

light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).  It is from this point that I begin my analysis of Defendant's Motion.

While I am required to construe Plaintiff's Amended Complaint more liberally than those presented by an attorney, vague and conclusory allegations are insufficient.  *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).  A court cannot rewrite pleadings or serve as counsel for a litigant.  *See GRJ Invs. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1984).  Plaintiff's allegations are conclusory and vague.  Having said this, I do not find that the extreme remedy of dismissal with prejudice is appropriate at this juncture.  Instead, Plaintiff will be given one final opportunity to file a new pleading which complies with the applicable rules and properly pleads his causes of action.

**Americans with Disabilities Act**

Plaintiff's Amended Complaint attempts to bring a cause of action under the American with Disabilities Act.  Plaintiff's Amended Complaint states the alleged violation as "[t]he defendant violated the; Americans with Disabilities Act.  (A) Disability discrimination in a government housing program.  (B) Refusal to reasonably accommodate the disability needs of a disabled person."  Amended Compl. ¶3.  To establish a prima facie case of discrimination under the ADA, a plaintiff must show that he: 1) has a disability; 2) is a qualified individual; and 3) was unlawfully subjected to discrimination because of the disability.  42 U.S.C. § 12112(a); *Talavera v. School Board of Palm Beach County*, 129 F.3d 1214, 1217(11th Cir. 1997).  "Disability" is defined as A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; B) a record of such impairment; or C) being regarded as having such an impairment. 42 U.S.C. § 12102(2).  Finally, "discriminate," in the

ADA, is defined as "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). Plaintiff's Amended Complaint does not include an allegation that his disability impairs a major life activity as is required by the ADA and the FHA. The Factual Summary states that Defendant was on notice that Plaintiff was "officially disabled by major depression per Social Security." Factual Summary ¶6. While depression is a mental impairment, the designation by Social Security does not satisfy Plaintiff's requirement to bring a case under the ADA. *See Pritchard v. Southern Co. Services*, 92 F.3d 1130, 1132 (11th Cir. 1996)(discussing the need that for a disability to qualify under the ADA it must substantially limit a major life activity). Plaintiff has also not adequately plead that Defendant knew of Plaintiff's disability and discriminated against him because of such disability. Another infirmity in Plaintiff's Amended Complaint is the lack of an allegation that he made a specific demand for a reasonable accommodation, which is a requirement for an ADA claim. *See Gaston v. Bellingrath Gardens & Homes, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999).

Moreover, even if Plaintiff was able to properly plead an ADA claim, Defendant argues that such claim is barred by the statute of limitations. Defendant asserts the statute of limitations for an ADA claim is two years. However, this is incorrect. "The statute of limitations on a federal ADA claim arising in Florida is four years." *Merker v. Miami-Dade County Fla.*, 485 F.Supp.2d 1349, 1354 (S.D. Fla. 2007)(citing *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409 (11th Cir. 1998) and *Ross v. Jim Adams Ford, Inc.*, 871 So.2d 312, 314 (Fla. 2d DCA 2004)). Plaintiff was notified on May 9, 2003 that his lease would not be renewed. This case was filed on August 8, 2006. DE 1. Therefore, if Plaintiff can properly plead an ADA claim, at least with the dates as presented, it is not barred by the statute of limitations.

**Fair Housing Act**

On the other hand, Plaintiff's Fair Housing Act claim does appear to be barred by the statute of limitations. Under the Fair Housing Act, a civil action must be commenced not later than two years after the occurrence of the alleged discriminatory housing practice. *See* 42 U.S.C. §3613(a)(1)(A). A defendant has the initial burden to demonstrate the statute of limitations defense is applicable, and then the burden shifts to plaintiff to demonstrate that tolling or an exception applies. *See Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990). As discussed above, the letter Plaintiff presents in support of his discrimination claim is dated May 9, 2003, and he did not file this case until August 8, 2006. Where Plaintiff stated this civil action more than two years after the occurrence of the discriminatory practice, such claim is barred by the statute of limitations.

**Other Claims**

Plaintiff also brings a number of state causes of action. I decline to address the substance of these claims because as discussed above the two federal causes of action are not properly pleaded. These two federal causes of action, at least one of which appears to be barred by the statute of limitations, provide this Court with subject matter jurisdiction over this case. However, if Plaintiff is not able to properly plead at least one federal causes of action, this Court will have no subject matter jurisdiction over the case and will not be able to hear the state claims.

I have previously encouraged the parties to work amicably towards a resolution of this matter. I once again make this suggestion. I also once again remind Plaintiff that he is required to comply with the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules despite his status as a *pro se* litigant.

I will grant Plaintiff a brief window to amend his complaint one final time. If Plaintiff

fails to amend his complaint by the deadline in this order, his civil rights claims will be dismissed with prejudice.

Accordingly, it is hereby

ORDERED AND ADJUDGED that

(1) Defendant's Motion to Dismiss (DE 110) is GRANTED;

(2) Should Plaintiff seek to file an amended complaint, the amended complaint shall be filed on or before August 9, 2007, or Plaintiff's claims will be dismissed with prejudice;

(3) Should an Amended Complaint be filed, the Clerk of Court shall prepare the summons and complaint;

(4) The U.S. Marshal shall personally serve any amended pleading and promptly file a return of service; and

(5) All pending motions are DENIED as moot.

DONE and ORDERED in Chambers in West Palm Beach, Florida, this 24th day of July, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of record
             U.S. Marshal
             Joseph Hawkins, *pro se*